**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

```
UNITED STATES OF AMERICA,       .
                                .
              Plaintiff,        .  Docket No.  CR 21-161-RBW
                                .
         vs.                    .
                                .
DUSTIN THOMPSON,                .  Washington, D.C.
                                .  Thursday, April 14 2022
              Defendant.        .
. . . . . . . . . . . . . . . . x  9:04 a.m.
```

TRANSCRIPT OF JURY TRIAL - VOLUME 4 of 4

BEFORE THE HONORABLE SENIOR JUDGE REGGIE B. WALTON

UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government: **Jennifer M. Rozzoni, AUSA**
U.S. ATTORNEY'S OFFICE
203 3rd Street, Suite 900
Albuquerque, New Mexico 87102
(505) 350-6818
jennifer.m.rozzoni@usdoj.gov

**William Dreher, AUSA**
U.S. ATTORNEY'S OFFICE
700 Stewart Street, Suite 5230
Seattle, WA 98101
(206) 553-4579
william.dreher@usdoj.gov

For the Defendant: **Samuel H. Shamansky, Esquire**
**Donald L. Regensburger, Esquire**
523 S 3rd Street
Columbus, Ohio 43215
(614) 242-3939
shamanskyco@gmail.com

```
1    APPEARANCES (Cont'd):

2    Court Reporter:    Cathryn J. Jones, RPR
                        Official Court Reporter
3                       Room 6521, U.S. District Court
                        333 Constitution Avenue, N.W.
4                       Washington, D.C. 20001

5

6

7    Proceedings recorded by machine shorthand, transcript
     produced by computer-aided transcription.
8
```

**TABLE OF CONTENTS**

**WITNESSES**

**On behalf of the Government**:

|  | Direct | Cross | Redirect |
|---|---|---|---|
| Special Agent Brian Thomas | | | |
| (By Ms. Rozzoni) | 574 | | |
| (By Mr. Shamansky) | | 582 | |

**MISCELLANY**

Page No.:

Closing Argument on behalf of the Government ...... 585

Closing Argument on behalf of the Defendant ....... 605

Rebuttal Argument on behalf of the Government ..... 610

Jury Instructions by the Court .................... 614

Jury Verdict....................................... 642

***

1  woke up.  His testimony about what he had seen after waking
2  up would be circumstantial evidence that it had snowed while
3  he was asleep.
4       The law says that both direct and circumstantial
5  evidence are acceptable as a means of proving a fact.  The
6  law does not favor one form of evidence over another.  If
7  you decide it is for you to decide how much weight to give
8  to any particular evidence whether it is direct or
9  circumstantial.  You are permitted to give equal weight to
10 both.  Circumstantial evidence does not require a greater
11 degree of certainty than direct evidence.  In reaching a
12 verdict in this case you should consider all of the evidence
13 presented both direct and circumstantial.
14      Now the weight of the evidence is not necessarily
15 determined by the number of witnesses testifying for either
16 side.  Rather, you should consider all of the facts and
17 circumstances in evidence to determine which of the
18 witnesses you believe.  You might find that the testimony of
19 a smaller number of witnesses on one side is more believable
20 than the testimony of a greater number of witnesses on the
21 other side or you may find the opposite.
22      Now you have heard evidence regarding statements
23 made by former president Donald Trump and Rudolph Giuliani
24 on January 6, 2021.  This evidence has been admitted for a
25 limited purpose.  That is, that is its potential impact on

1   the intent required to establish the defendant's guilt on
2   the offenses he has been charged with committing in this
3   case if you conclude that the defendant heard those
4   statements.
5          You're not to consider that evidence for any other
6   purpose.  Neither former president Donald Trump nor Rudy
7   Giuliani actually had the power to authorize or make legal
8   the alleged crimes charged in this case.  Again, the
9   evidence regarding their statements may be only used in your
10  assessment as to whether the defendant had the required
11  intent to commit the crimes for which he has been charged.
12         Now the superseding indictment that you've heard
13  made reference to is merely the formal way of accusing a
14  person of a crime.  You must not consider the superseding
15  indictment as evidence of any evidence of any kind.  You may
16  not consider it as any evidence of Dustin Thompson's guilt
17  or draw any inference of guilt from it.
18         Now statements and the arguments of the lawyers
19  are not evidence.  They are only intend to assist you in
20  understanding the evidence.  Similarly the questions of the
21  lawyer are no evidence.  Now the lawyers in this case
22  sometimes objected when the other side asked a question,
23  made an argument or offered evidence that the objecting
24  lawyer believed was not proper.  You must not hold such
25  objections against a lawyer who made them or the party he or