UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No. 21-cr-203 (JDB) |
| | ) | |
| **ALEXANDER SHEPPARD,** | ) | |
| | ) | |
| **Defendant** | ) | |
| _____ | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S SUPPLEMENTAL BRIEF
REGARDING NOTICE OF PUBLIC AUTHORITY DEFENSE**

Mr. Sheppard, through counsel, submits the following response to the government's supplemental briefing (ECF No. 56) ("Gov. Supp.") in support of its opposition to Mr. Sheppard's notice of public authority defense. This supplemental brief was filed in response to the Court's question at the last status hearing of whether or not the Court must make the determination prior to trial or must wait until the presentation of evidence during trial before ruling on Mr. Sheppard's eligibility to present the defense to the jury.

For the reasons discussed below, the Court should allow Mr. Sheppard to present evidence in support of this affirmative defense at trial before making a ruling on whether or not it should provide the jury an instruction on the defense. At a minimum, the Court should hold an evidentiary hearing prior to trial to make the determination as to whether or not Mr. Sheppard meets the only question of law, which is the Fourth *Barker* factor.

   I.   *The Government provides cases in support of its position from this jurisdiction that are not applicable to the question presented here*

The government tries to point to other judges in this district court that have denied the public authority defense prior to trial. *See* Gov. Supp. at 2. However, Judge Walton and Judge Kollar-Kotelly's prior rulings do not make findings of law that would assist the Court's decision here.

Firstly, in *United States v. Thomspon*, No. 21-cr-161 (RBW), Dkt. 69, the government points to an order issued by Judge Walton denying the defense from introducing evidence that he found was irrelevant under Rule 403. *See Thompson* Order at 3. The reason the court found the evidence to be inadmissible is because it found it would not have any bearing on public statements the defendant himself actually heard, making it impossible that the defendant would have relied on those statements. *Id*. The court in *Thompson* did not make a finding with respect to whether or not the defense met the elements of the public authority defense and/or whether the court had to make a ruling prior to trial on whether the defendant could present the defense.

Further, in *United States v. Grider*, 2022 WL 3030974, at *2-4 (D.D.C. Aug. 1, 2022), Judge Kollar-Kotelly ruled that the defense did not meet the first element of the entrapment by estoppel defense because the defendant could not demonstrate that the Former President Trump advised him about the state of the law concerning his alleged actions. *Id*. However, the court in *Grider* did not decide whether the defendant met any other elements of the entrapment by estoppel defense, did not discuss the public authority defense, and did not make a finding as to when exactly the Court needs to rule on the defendant's eligibility to present evidence in support

of the defense. *Id.* The decision in *Grider* further supports Mr. Sheppard's position that the Court need not rule on whether the defense meets all of the elements of the defense of entrapment by estoppel – but rather just the issue of whether or not former President Trump addressed the legality of his actions. The only issue remaining is *when* exactly the Court must make the decision on this question of law and the defense submits it should be after the close of evidence at trial.[1] It is notable that the public authority defense has a slightly different element than entrapment by estoppel, which is whether or not the defendant relied on a conclusion or statement of law issued by an official charged with that interpretation.[2] The court in *Grider* was not presented with the public authority defense analysis, just the entrapment by estoppel question.

For these reasons, these cases are not dispositive of the question presented here.

II. *The Alvarado case the government provides supports the defense position that the Court need not make a finding now but rather should wait until the close of evidence*

The government relies on *United States v. Alvarado*, 808 F.3d 474, 485 (11th

---

[1] Notably, both the Court in *Thompson* and *Grider* did not preclude *all* evidence of public authority/entrapment by estoppel because the courts acknowledged that it could be admissible to negate the requisite intent. *See Grider*, 2022 WL 3030974, at *4 (However, the Court does not reach whether former President Trump's statements are inadmissible for *all* purposes. *See* Order at 2, ECF No. 39, *United States v. Thompson*, Crim. A. No. 21-161-1 (RBW) (D.D.C. Mar. 23, 2022) (excluding evidence of former President Trump's statements for all purposes as unduly prejudicial under Federal Rule of Evidence 403).
[2] The public authority defense is available if an individual (1) reasonably, on the basis of an objective standard, (2) relies on a (3) conclusion or statement of law (4) issued by an official charged with interpretation, administration, and/or enforcement responsibilities in the relevant legal field. *United States v. Barker*, 546 F.2d 940, 955 (D.C. Cir. 1976).

Cir. 2015), for its argument that Mr. Sheppard does not meet the elements of the affirmative defense. *See* Gov. Supp. At 3-4. In *Alvarado*, the Court clearly gave the defendant a chance to present the requisite evidence to meet the elements of the public authority defense at trial before it refused to give the jury the instruction:

> As noted, at the hearing before the magistrate judge concerning whether Defendant would be permitted to present a public authority defense, Defendant failed to present any evidence to qualify him for this defense. *At trial, he had a second chance to make his case for a public authority defense when he testified in his own behalf. The district court concluded, however, that Defendant had still failed to provide an evidentiary foundation for the defense.* Accordingly, the court declined to instruct the jury to consider a public authority defense, but did instruct the jury to consider whether Defendant acted with an "innocent intent."

*Alvarado*, 808, F.3d at 483.[3] (emphasis added). This Eleventh Circuit decision supports Mr. Sheppard's position that he should be permitted to present evidence at trial to show that he meets the elements of the public authority defense.

Furthermore, given the fact that this evidence is admissible to negate intent, there really is no harm in waiting until the close of evidence to make this determination. Mr. Sheppard will agree not to assert the actual defense in opening statement and through cross-examination.

## Conclusion

For the above reasons, the Court should reject the government's attempt to prevent Mr. Sheppard from presenting a viable defense that he is entitled to present at his trial.

---

[3] The district court in *Alvarado* did, however, give the jury an instruction on the "innocent intent" defense, allowing the same type of evidence to support the defense theory that he did not have the requisite *mens rea*. *Id*. at 487.

                    Respectfully submitted,

                    A.J. KRAMER
                    FEDERAL PUBLIC DEFENDER

                    _____/s/_____
                    Maria N. Jacob
                    Assistant Federal Public Defender
                    625 Indiana Ave., N.W., Suite 550
                    Washington, D.C.  20004
                    (202) 208-7500