**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | | |
| | ) | | |
| **v.** | ) | **No.** | **21-cr-203 (JDB)** |
| **ALEXANDER SHEPPARD** | ) | | |
| | ) | | |
| **Defendant.** | ) | | |
| _____ | ) | | |

## <u>MOTION FOR LEAVE TO FILE] MOTION FOR NEW TRIAL AND MOTION TO POSTPONE SENTENCING</u>

Alexander Sheppard, through undersigned counsel, requests that the Court permit the defense to file a motion for new trial pursuant to Federal Rules of Criminal Procedure 33 in light of the decision in *United States v. Fischer*, No. 22-3038, 2023 WL 2817988 (D.C. Cir. Apr. 7, 2023). In support, undersigned counsel submits as follows:

1. After consultation and careful reading of the opinion, it is apparent that the Circuit Court has defined the element "corruptly" in 18 U.S.C. § 1512(c)(2) in a manner that was inconsistent with the jury instruction given in Mr. Sheppard's trial. Specifically, Mr. Sheppard requested "corruptly" to be defined as to "bring about an unlawful result or a lawful result by some unlawful method, with a hope or expectation or other financial gain or to obtain an unlawful benefit for himself or an association." *See Sheppard*, ECF No. 73. This definition is precisely what the Circuit Court in Fischer opined as a possible definition. Specifically, Judge Pan acknowledged this definition while ultimately stating the issue was not squarely before the Court and so did not decide which definition was correct. However, Judge Walker, his concurrence, disagreed and stated that the Court should decide the definition and that this definition is the only one that renders this statute constitutional. In this regard, Judge Walker's definition is controlling.

1

2. For this reason, Mr. Sheppard requests leave to file a motion for a new trial on this basis. Undersigned counsel acknowledges that the deadline under Rule 33 has since expired. However, the decision in Fischer was decided far after the 14 day deadline requirement for a motion for a new trial. Furthermore, the Court has the authority to grant leave to file a motion for a new trial past the deadline.

3. Undersigned counsel apologizes for the late notice given the upcoming sentencing scheduled for April 27, 2023. It has taken time to digest the *Fischer* opinion and to consult with our appellate department given the number of cases the office is handling.

WHEREFORE, Mr. Sheppard respectfully requests that the Court permit the defense to file a motion for a new trial and to postpone sentencing until that motion is decided.


Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Maria N. Jacob
Assistant Federal Public Defender
D.C. Bar No. 1031486
625 Indiana Ave. NW, Ste. 550
Washington, D.C. 20004
(202) 208-7500
Maria_jacob@fd.org