**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-cr-203 (JDB)** |
| **v.** | : | |
| | : | |
| **ALEXANDER SHEPPARD,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE A
MOTION FOR A NEW TRIAL AND MOTION TO POSTPONE SENTENCING**

Pursuant to the Court's minute order of April 26, 2023, the United States of America respectfully submits this response to the defendant's motion for leave to file a motion for a new trial and to postpone sentencing. Dkt. 100. For the reasons below, the government opposes the defendant's motion for leave to file a motion for a new trial and to postpone tomorrow's sentencing in light of the D.C. Circuit's decision in *United States v. Fischer*, No. 22-3038, 2023 WL 2817988 (D.C. Cir. Apr. 7, 2023) as untimely and lacking in merit.

*First*, Rule 33 specifies that, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). The defendant does not argue that his motion for a new trial is based on newly discovered evidence. The jury returned its verdict on January 26, 2023. To be timely, therefore, defendant's motion was due on or before February 9, 2023.   The defendant filed his motion on April 26, 2023. Rule 33 is an "inflexible claim-processing rule." *Eberhart v. United States*, 546 U.S. 12, 13 (2005) (per curiam). "If properly invoked, mandatory claim-processing rules must be enforced[.]" *Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17 (2017). When "the Government argued in the district court that [the new-trial] motion [i]s untimely under Rule 33(b)([2]), the denial of the motion on that basis [i]s mandatory." *United States v. Krester*, No. 22-

30415, 2023 WL 2808465 (5th Cir. Apr. 6, 2023) (citing *Eberhart*, 546 at 19).

While the defendant acknowledges the untimeliness of his motion, Dkt. 100 at 2, he asks the Court to excuse his untimeliness because the *Fischer* decision came down after the expiration of the 14-day deadline. He fails to provide any legal basis for his request, which is in any event without merit. Under Rule 45(b), a court may extend the time for a party to act "after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). Here, the District of Columbia Circuit Court handed down its decision in *Fischer* on April 7, 2023. The defendant filed his motion for leave to file a motion for a new trial on April 26 – that is, 19 days after the *Fischer* decision. Even if defendant could point to a legally cognizable basis on which to toll or extend the Rule 33 deadline until the D.C. Circuit Court handed down the *Fishcher* decision—and he has not—his motion would be outside the 14-day period established under Rule 33 and thus still untimely. Moreover,

> [C]ounsel typically must have 'some reasonable basis' for not meeting a filing deadline. Wright & Miller, supra, § 1165. To determine whether the district court permissibly exercised its discretion to find counsel's neglect inexcusable, we consider four factors set forth by the Supreme Court in *Pioneer*: (1) the risk of prejudice to the other side; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay and whether it was within counsel's reasonable control; and (4) whether counsel acted in good faith. *See* 507 U.S. at 395; *Yesudian ex rel. United States v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001) (applying the four *Pioneer* factors).

*Cohen v. Board of Trustees of the University of the District of Columbia*, 819 F.3d 476, 479 (D.C. Cir. 2016). Here, defendant makes no effort to demonstrate that he can meet any of those factors or otherwise establish a "reasonable basis" for failing to file within 14 days of the *Fischer* decision. While defendant claims that "[i]t has taken time to digest the Fischer opinion and to consult with our appellate department," Dkt. 100 at 2, he does not explain why during that time he failed to

alert the Court that he was contemplating filing a motion for a new trial and a sentencing continuance based on *Fischer* or why he waited until one day before a sentencing hearing scheduled three months ago to seek a continuance. In any event, "neglect due to a busy schedule is generally not excusable." *United States v. Cates*, 716 F.3d 445, 449 (7th Cir. 2013). The defendant's motions for leave to file a motion for a new trial and a continuance are untimely and should be denied.

*Second*, in any event, the definition of "corruptly" as used in 18 U.S.C. § 1512(c)(2) and whether the concurrence's definition is controlling are currently before the D.C. Circuit Court in *United States v. Robinson*, which is scheduled to be argued on May 11, 2023. *See* Supp. Brief of Plaintiff-Appellee, *United States v. Robinson*, No. 22-3062 (D.C. Cir. Apr. 18, 2023) (arguing *Fischer* did not decide how to interpret "corruptly" in 18 U.S.C. § 1512(c)(2) and does not counsel in favor of defining "corruptly" using the definition provided by the concurrence). Moreover, this Court recently found that the *Fischer* decision's treatment of "corruptly" did not rise to a substantial question of law likely to result in reversal of an 18 U.S.C. § 1512(c)(2) conviction in *United States v. Brock*. *See United States v. Brock*, 21-cr-140 (JDB), Dkt. 107. Defendant may elect to raise this issue on appeal, but as this Court has stated, *Fischer* is binding precedent and therefore not grounds for continuing tomorrow's sentencing.

//

//

//

//

//

3

For the forgoing reasons, defendant's motion for leave to file a motion for a new trial and

a continuance of the sentencing hearing scheduled for tomorrow should be denied.


Respectfully submitted,


MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052


By:   /s/ Sonia Mittal_____
SONIA MITTAL
Assistant United States Attorney
United States Attorney's Office for the
District of Columbia
Illinois Bar No. 6314706
sonia.mittal@usdoj.gov
(202) 821-9470

/s/ Craig Estes_____
CRAIG ESTES
Assistant United States Attorney
United States Attorney's Office for the
District of Columbia
Massachusetts Bar No. 670370
craig.estes@usdoj.gov
(617) 748-3100

## **CERTIFICATE OF SERVICE**

On this 26th day of April 2023, a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

*/s/ Craig Estes*_____
CRAIG ESTES
Assistant United States Attorney