UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br> )<br>         v.                                        )     No.   21-cr-203 (JDB)<br>**ALEXANDER SHEPPARD**           )<br> )<br>         **Defendant.**                       )<br>_____) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Alexander Sheppard, through counsel, respectfully submits the following additional authority in support of his recommendation for sentencing outlined in his sentencing memorandum. *See* ECF No. 98.

### New Comparable Case

On August 31, 2023, William Isaacs was sentenced to 60 months' probation following a jury verdict of guilty on 6 counts, including the same felony that Mr. Sheppard was convicted for. *See United States v. William Isaacs*, 21-cr-028 (APM). After a long jury trial in the Oathkeepers case, the jury convicted Mr. Isaacs of Conspiracy to Obstruct an Official Proceeding, Obstruction of an Official Proceeding and Aiding and Abetting, Conspiracy to Prevent an Officer from Discharging Any Duties, Destruction of Government Property and Aiding and Abetting, Entering and remaining on Restricted Building or Grounds, and Civil Disorder.

Mr. Isaacs was accused of participating in the efforts of the Oathkeepers prior to and on the day of January 6, 2021. He allegedly believed in their same rhetoric and sent messages conveying his intent was either that "Trump cross the

1

Rubicon or the citizens cross the Delaware," and that "We should attack [Mayor Bowser] upon arrival." On January 6, 2021, Mr. Isaacs went into the Capitol building with his comrades and proceeded to the Senate Hallway where he yelled, "the fight is not over! However, like Mr. Sheppard, Mr. Isaacs engaged in no violence and did not have any weapons. Following January 6, 2021, Mr. Isaacs allegedly took steps to delete evidence of his involvement.

However, similar to Mr. Sheppard, Mr. Isaacs was only 21 years old when he followed the rest of the Oathkeepers on January 6, 2021. He was extremely impressionable and had a long history of social problems. *See* Defendant's Sentencing Memorandum, ECF No. 1026. Mr. Isaacs joined the Oathkeepers at the urging of his Aunt, who was also a member, and whom he traveled with to Washington, D.C. Mr. Isaacs, like Mr. Sheppard, had the main goal of supporting the former President Trump and after hearing the "fight" speech he gave, Mr. Isaacs "succumbed to the uncontrolled emotions of that rally." *Id*. at 4. Mr. Isaacs also suffered from Autism Spectrum Disorder.

Although there are differences between the *Isaacs* matter and the instant offense, the similarities are what led the Court to impose a non-incarceration sentence for Mr. Isaac. Age and social history are crucial when considering what makes young men like Mr. Isaac and Mr. Sheppard follow the words and actions of older individuals who use them for their own agendas. It is also these factors that the government simply fails time and time again to acknowledge in these cases. The government, in the *Isaacs* matter, asked the Court to impose a sentence of 131

months' of incarceration. That is because it failed to recognize the vast difference between Isaacs and the other co-defendants. Similarly, the government in this case refuses to acknowledge how Mr. Sheppard's age and social history impacted the instant offense.

Based on this supplemental authority and the reasons already provided to the Court, Mr. Sheppard respectfully requests that the Court impose a similar sentence that the Court did in the *Isaacs* matter due to his age, social history, and all of the nature and circumstances of the offense.

### Recent Guidance on Sentencing Guideline Changes

In Mr. Sheppard's sentencing memorandum, counsel requested a variance based on the new U.S.S.G § 4C1.1 guideline provision that will go into effect on November 1, 2023, which will provide a two level downward reduction for individuals with zero criminal history points. *See* ECF 98 at 37.

On August 31, 2023, the Sentencing Commission issued a memorandum notifying the courts that this provision, if adopted, will have retroactive application. *See* Attached Memorandum. For this reason and the reasons outlined in his sentencing memorandum, Mr. Sheppard requests that the Court apply this reduction in anticipation that it will be enacted and will apply retroactively.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Maria N. Jacob
Assistant Federal Public Defender
625 Indiana Ave. NW, Ste. 550
Washington, D.C. 20004
(202) 208-7500
Maria_jacob@fd.org
