**UNITED STATES SENTENCING COMMISSION**
One Columbus Circle, NE
Suite 2-500, South Lobby
Washington, DC 20002-8002
(202) 502-4500 / Fax (202) 502-4699
*www.ussc.gov*



August 31, 2023

**MEMORANDUM**

**TO:**  Judges, United States District Courts
Clerks, United States District Courts
Chief Probation Officers

**FROM:**  Carlton W. Reeves, Chair, United States Sentencing Commission

**SUBJECT:**  Retroactive Application of Parts A and B of the 2023 Criminal History Amendment

On April 27, 2023, the United States Sentencing Commission submitted to Congress a multi-part proposed criminal history amendment, which will be designated as Amendment 821 in Appendix C to the *Guidelines Manual*. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (no criminal history points) whose offense did not involve specified aggravating factors. **The criminal history amendment does not become effective until November 1, 2023, because Congress can reject or modify the amendment until that date.**

On August 24, 2023, the Commission voted to give retroactive effect to Parts A and B, subpart 1 of the criminal history amendment. However, in order to give the courts, probation officers, and the Bureau of Prisons time to process the motions and prepare release plans for individuals affected by the amendment, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. **As a result, individuals cannot be released from custody**

**pursuant to retroactive application of the amendment before February 1, 2024.** (*See* Amendment 825 to USSG §1B1.10, effective November 1, 2023).

These actions mean that on November 1, 2023, absent congressional action to the contrary, courts will be authorized to conduct sentence reduction proceedings and enter orders pursuant to 18 U.S.C. §3582(c)(2) based on the retroactive application of Amendment 821, provided that any order reducing a term of imprisonment has an effective date of February 1, 2024, or later.

The Commission has collected information about individuals who are currently incarcerated and who appear to meet the criteria to seek a reduced sentence pursuant to retroactive application of Parts A and B of the amendment. Based on this information, the Commission can compile a list for each judicial district of the individuals sentenced in that district who appear to be eligible for retroactive application of Part A or B of the amendment. The Commission expects these lists will be completed by late September 2023. **At that time, the Commission plans to send to the chief judge of each district the list of potentially eligible individuals for his or her district.** If, however, the chief judge does not wish to receive the list for his or her district, please email Glenn Schmitt, the Commission's Director of Research and Data, at gschmitt@ussc.gov ahead of time.

As it has done in the past, the Commission plans to collect and report data on the courts' decisions regarding motions to apply Amendment 821 retroactively. Please note that **AO Form 247** was developed specifically for the courts to use in these matters, and I hope your court will use this form. I call your attention to the fact that the form contains two boxes in which dates are to be entered. The date on which the sentencing judge signs the order should be placed in the "Order Date" box. The date on which the reduced sentence is to become effective should be placed in the "Effective Date" box. The graphic below shows how these boxes appear on the form.

---

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.

**IT IS SO ORDERED.**

Order Date _____

_____
Judge's Signature

Effective Date _____
*(if different from order date)*

_____
Printed name and title

Again, because the Commission has required that any order pursuant to Amendment 821 must become effective no earlier than February 1, 2024, the date placed in the "Effective Date" box must be February 1, 2024, or some later date. No other entry is required on the form to comply with the Commission's decision concerning the effective date of orders.

**It is extremely important that the Commission receive information about the courts' decisions under Amendment 821.** Please work with your probation office and clerk's office to send copies of all orders in these matters to the Commission – **regardless of whether the motion for a reduced sentence was granted or denied**, and regardless of whether the individual was found to be eligible to seek a reduction under the amendment. Your probation office can report this information to the Commission using the PACTS system or the Commission's Electronic Submission System in a manner similar to how it reports original cases.

Thank you for assisting the Commission in its work.