**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 21-203 (JDB)** |
| | ) | |
| **Alexander Sheppard,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**REPLY IN SUPPORT OF MOTION TO DELAY SELF-SURRENDER
DATE**

Defendant, Alexander Sheppard, through counsel, submits this reply to the

government's opposition (ECF No. 113) in support of his request that the Court delay his self-

surrender date until after the holiday season.

The government's opposition in this matter focuses mostly on the procedural history of

this case suggesting that because sentencing was delayed that Mr. Sheppard's request to delay

his self-surrender is unreasonable. However, that is not a legitimate basis to oppose this type of

request when the sentencing was delayed not for the *purpose of delay* but rather based on a

legitimate legal issue. Furthermore, the government has acquiesced to such requests in other

cases as it is not unreasonable or unprecedented for a defendant to self-surrender after the

holidays. *See e.g., United States v. Nicholas Loukas*, 21-cr-434 (BAH), (defendant sentenced on

December 10, 2021, and ordered to report after the holidays on January 3, 2022). In fact,

requests for delay of self-surrender are often granted for a variety of reasons. *See United States

v. David Mish*, 21-cr-112 (CJN) (Court granted several month extension of self-surrender for

work reasons); *United States v. Tommy Allan*, 21-cr-064 (CKK) (self-surrender extension

granted due to medical reasons); *United States v. James Matthew Horning*, 21-cr-275 (ABJ) (self-surrender extension granted to allow defendant to get affairs in order after a storm caused damage to his home).

The government implies that Mr. Sheppard essentially does not have a good reason to delay his sentence. However, it is not unreasonable for Mr. Sheppard to spend the holidays with his family before serving more than a year of prison time – having never spent any time in jail in the past. The distance between the facility and his residence is an added reason that it will likely not be possible to consistently visit him during this time given the ordinary holiday plans that bring the family together during Thanksgiving, Christmas, and New Year's. The government callously suggests that because his family traveled to his trial and sentencing in DC – that they are perfectly capable of travelling to Illinois to visit their son. The government has absolutely no idea how difficult it was for Mr. Sheppard's family to travel with him to Court and the amount of strain that it put on their lives.[1] They did it for their son to support him during a horribly difficult time. Mr. Sheppard respectfully requests that the Court consider those difficulties during the holidays.

The government further suggests that Mr. Sheppard's continued social media activity further supports its position that he should not be entitled to a delay in his self-surrender. The government provides no basis for this argument other than his "sentence will lose its deterrent effect." The Court already took into account his social media activity when imposing 19 months' incarceration. Mr. Sheppard is not a risk of flight nor does he pose a danger to the community. The government's arguments are not based on those factors but rather factors that

---

[1] On one occasion, to save on hotel costs, the family left for Ohio immediately following the completion of Court not arriving until early the following morning.

are not relevant to this request. Neither the government nor the public is prejudiced by this request and there is no valid basis to suggest that any deterrent effect will be lost based on Mr. Sheppard engaging in lawful speech. The government does not and cannot suggest that his speech makes him a danger when Mr. Sheppard in no way ever suggests that he will repeat his conduct.

Lastly, since the time of Mr. Sheppard's filing of this motion to delay self-surrender, he has decided to pursue a motion to stay his sentence pending appeal.[2] That motion will be forthcoming. Based on this and the reasons already discussed, Mr. Sheppard requests that the Court delay self-surrender so that he can spend time with his family during the holidays and until the Court has had an opportunity to hear the merits of such a motion.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

_____
Maria N. Jacob
D.C. Bar No. 1031486
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500
Maria_Jacob@fd.org

---

[2] Counsel expects to file this motion in approximately one week.