**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **Criminal Action No. 21-203 (JDB)** |
| **ALEXANDER SHEPPARD,** | |
| **Defendant.** | |

**MEMORANDUM OPINION & ORDER**

Before the Court is defendant Alexander Sheppard's motion to delay his self-surrender date.  Mot. to Delay Self-Surrender Date [ECF No. 112] ("Mot.").  Sheppard requests that this Court extend his time to self-surrender to the Bureau of Prisons by about two months—from November 2, 2023, until after January 1, 2024—so that he can spend time with his family during the holidays.  Id. at 1.  The government opposes Sheppard's motion and argues that his surrender date should not be delayed.  Gov't Opp'n to Mot. [ECF No. 113] ("Opp'n").  For the reasons below, the Court will deny the motion and order Sheppard to self-surrender as directed.

On January 26, 2023, a jury found Sheppard guilty of one felony and four misdemeanors arising from his participation in the riot at the United States Capitol on January 6, 2021. Sentencing in this case was originally scheduled for April 27, 2023.  Jan. 26, 2023 Min. Entry. However, Sheppard asked the Court to postpone his sentencing while he sought leave from the Court to file a motion for a new trial.  Mot. to Continue Sentencing [ECF No. 100].  The Court granted Sheppard's requested continuance.  Apr. 28, 2023 Min. Entry.  After considering and denying Sheppard's motion for a new trial, the Court rescheduled sentencing.  Mem. Op. & Order [ECF No. 105] at 19.  On September 5, 2023, this Court imposed a sentence of 19 months' incarceration followed by 24 months' supervised release.  Judgment [ECF No. 108] at 3–4.  The

Court permitted Sheppard to voluntarily self-surrender, see id. at 3, and he was subsequently assigned a self-report date of November 2, 2023, see Mot. at 1.

Sheppard argues that he should be allowed an additional two months to self-surrender so that he can spend the holidays with his family. Mot. at 1. He was apparently designated to a facility in Illinois—seven hours from his home—making it "likely that [he] will not be able to have visitation with his family during the Thanksgiving, Christmas, and New Year Holidays." Id. The government opposes his request. First, the government contends that it is "unclear" Sheppard's family will be unable to visit since they made three similar-length trips to Washington, D.C., for his court proceedings. Opp'n at 2. Second, the government argues that further delay undermines the "public['s] . . . interest in speedy justice," "respect for the rule of law," and the "deterrent effect" of Sheppard's sentence, noting that Sheppard's request would result in an eleven-month gap from conviction to incarceration. Id. at 2; see id. at 1–3.

The sentencing factors set forth at 18 U.S.C. § 3553(a) require the Court to impose a sentence that "promote[s] respect for the law" and "afford[s] adequate deterrence to criminal conduct," id. § 3553(a)(2)(A)–(B). A lengthy delay from conviction to incarceration tends to contravene those principles by severing liability from punishment for the offense. The Court is concerned that if Sheppard's motion were granted, it would be a long time—eleven months from conviction and four months from sentencing—before he began serving his sentence. Cf. United States v. Perholtz, 836 F.2d 554, 555–56 (D.C. Cir. 1987) (per curiam) (recognizing the presumption of detention pending appeal). Such a delay does not promote respect for the law and may undercut the deterrent effect of the sentence for Sheppard, who has not shown any meaningful remorse for his actions. While the Court appreciates the difficulty of spending the holidays in prison—particularly if family is unable to visit—this consideration alone does not justify delay. If it did, no defendant could be required to report from November to January.

The cases Sheppard cites in his reply brief do not support relief.  See Reply in Supp. of Mot. [ECF No. 114] ("Reply") at 1–2.  Rather, they underscore the principle that timely reporting is the expectation and delay the exception, with the latter warranted only in the face of persuasive reasons.  First, in United States v. Mish, Crim. A. No. 21-112 (CJN) (D.D.C. Jan. 6, 2022), ECF No. 47, a defendant sentenced to 30 days' incarceration sought an extension of time to surrender so that he could continue his snowplow work through the end of the winter.  The court acknowledged it was a "close call" but ultimately granted the motion because "maintaining his seasonal employment will reduce [the defendant's] likelihood of recidivism." Id. at 2.  Second, in United States v. Horning, Crim. A. No. 21-275 (ABJ) (D.D.C. Apr. 6, 2023), ECF No. 53, a defendant sentenced to 30 days' incarceration was granted a reporting delay after his house was "destroyed by [a] brutal tornado[]" and he needed to file insurance claims.  See id., ECF No. 52. Third, in United States v. Allan, Crim. A. No. 21-64 (CKK) (D.D.C. Feb. 9, 2023), ECF No. 56, a defendant sentenced to 21 months in prison received an extension of time to self-report so that he could get a surgery that was canceled when he tested positive for COVID-19.   See id., ECF No. 55.  Unlike Mish, Sheppard has been sentenced to a lengthy period of incarceration, and a temporary delay in imposition of the sentence is unlikely to facilitate his reentry thereafter.  And Sheppard's basis for relief is not nearly as compelling as those bases asserted by Horning or Allan, whose home and health (respectively) were apparently at risk.  Sheppard argues that it is "not unreasonable for [him] to spend the holidays with his family before serving more than a year of prison time—having never spent any time in jail in the past."  Reply at 2.  While Sheppard is correct that a "variety of reasons" may justify an extension, Reply at 1, something more than this is required.

Sheppard cites only one case involving a defendant allowed to report after the holidays.  In United States v. Loukas, Crim. A. No. 21-434 (BAH) (D.D.C. Feb. 15, 2023), ECF No. 27, the

defendant—who faced 30 days' incarceration for violating the terms of his supervised release—was sentenced on December 10 and asked the Court's permission to self-report after the holidays since he "celebrate[s] Christmas . . . [and] has children and a large family." Id. at 29; see id. at 27. Instead of stepping the defendant back that day, the court allowed him to self-report on January 3. Id. at 29. Sheppard's case is distinguishable from Loukas in the length of the requested delay from sentencing to self-reporting: roughly three weeks in Loukas versus four months here. Moreover, due to the length of his sentence, Sheppard—unlike Loukas—will inevitably spend a holiday in prison. Although it may not be "likely," it is certainly possible that Sheppard's family will be able to visit him for at least one of the holidays—and the Court hopes they will. As the Court emphasized at sentencing, Sheppard's strong family support is to his credit, and the Court anticipates they will find ways to support him during his period of incarceration and upon release.[1]

\*       \*       \*

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [112] Sheppard's motion to delay self-surrender date is **DENIED**; and it is further

**ORDERED** that Sheppard shall report to prison as directed.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: October 17, 2023

---

[1] In his reply, Sheppard indicates that he plans to file a motion to stay his sentence pending appeal and that this represents another basis for delaying his self-surrender date. Reply at 3. Sheppard did not file such a motion at any point in the six weeks that have passed since sentencing. The Court will consider any such motion if and when it is filed.